**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CRISTIAN LANTIGUA-SANTANA,　　　　　) | |
| 　　　　　　　　　　　　　　　　　　) | Case No. 1:26-cv-12951-JEK |
| 　　　　　　Petitioner,　　　　　　) | |
| 　　　　　　　　　　　　　　　　　　) | |
| v.　　　　　　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　　) | |
| ANTONE MONIZ, Superintendent, Plymouth　) | |
| County Correctional Facility,　　　　　) | |
| DAVID WESLING, ICE New England　　　) | |
| Field Office Director,　　　　　　　) | |
| DAVID VENTURELLA, Acting Director U.S.　) | |
| Immigrations and Customs Enforcement,　) | |
| MARKWAYNE MULLIN, U.S. Secretary　　) | |
| of Homeland Security,　　　　　　　) | |
| TODD BLANCHE, Acting　　　　　　　) | |
| U.S. Attorney General,　　　　　　　) | |
| DONALD J. TRUMP, President of the United　) | |
| States,　　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　　) | |
| 　　　　　　Respondents.　　　　　) | |
| 　　　　　　　　　　　　　　　　　　) | |

**MEMORANDUM IN SUPPORT OF PETITIONER'S MOTION TO ENFORCE**
**COURT'S JULY 6, 2026 ORDER**

## I.　　INTRODUCTION

Petitioner Cristian Lantigua-Santana ("Petitioner") respectfully submits this

Memorandum in support of Petitioner's Motion to Enforce the Court's July 6, 2026 habeas order,

filed concurrently with the instant Memorandum.

Although a bond hearing was conducted on July 14, 2026, the hearing did not comply

with *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021) or the Due Process Clause of the Fifth

Amendment. Immigration Judge Julian Nierva ("IJ Nierva") improperly placed the burden of

proof to demonstrate that he did not pose a danger to the community or a flight risk. *See* Doc.

10-1. Further, the Immigration Judge used the incorrect legal standard to reach his conclusion

1

that Petitioner poses a danger to the community by relying on outdated agency precedent that puts the burden of proof on noncitizens in bond proceedings. *See id*. Therefore, Petitioner respectfully requests that the Court order Respondents to provide Petitioner with a new bond hearing that comports with the requirements of *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021) and the Due Process Clause of the Fifth Amendment. "The First Circuit routinely orders this remedy in cases where it has concluded that a noncitizen detained under Section 1226(a) was denied bond because the Immigration Court failed to apply the correct legal standards." *Gomes v. Hyde*, 804 F. Supp. 3d 265, 278 (D. Mass. 2025).

Petitioner does not seek review of IJ Nierva's discretionary weighing of bond factors or evidence. Rather, Petitioner seeks enforcement of this Court's mandate that the bond hearing comply with governing law and constitutional requirements.

## II.    SUMMARY OF PROCEDURAL HISTORY

On July 6, 2026, the Court ordered Respondents "to provide [Petitioner] with a bond hearing pursuant to 8 U.S.C. § 1226(a) within 7 days." Doc. 7. On July 14, 2026, Petitioner had a bond hearing with the Chelmsford Immigration Court. *See* Doc. 8.  In opposition to Petitioner's bond request, Respondents filed a "Form I-213" in opposition to Petitioner's bond request. *See* Form I-213 against Petitioner. Respondents did not file any other evidence, such as docket sheets or local law enforcement police reports, in Petitioner's bond proceeding. The I-213 noted that Petitioner suffers from sickle cell disease. *See id*. The I-213 further alleged that New Hampshire State police officers stopped a vehicle in which Petitioner was a passenger, and that an officer located small bags of fentanyl and crack cocaine in the vehicle. *See id*. Pursuant to a 287(g) program which authorizes local law enforcement to enforce immigration laws, the New Hampshire State Police officers then arrested Petitioner for immigration purposes. *See id*.

2

At Petitioner's July 14, 2026 bond hearing, counsel for the Department of Homeland Security ("DHS") conceded that no criminal charges had been filed against Petitioner. Nonetheless, DHS "contended that [Petitioner's] proximity to a large quantity of controlled substances demonstrates that he poses a danger to the community." Doc. 10-1. Petitioner's counsel disputed that Petitioner posed either a danger to the community or a flight risk. *See id*. Petitioner's counsel asserted that Petitioner's sickle cell disease tends to negate the I-213's assertion that Petitioner used either fentanyl or crack cocaine. *See id*. Moreover, Petitioner's counsel cited *Matter of Arreguin*, 21 I&N Dec. 38 (BIA 1995) for the proposition that immigration judges should "not go behind a record of conviction to determine the guilt or innocence of an alien, [or] give substantial weight to an arrest report, absent a conviction or corroborating evidence of the allegations contained therein." *Id*.

Nevertheless, IJ Nierva found that "DHS established by clear and convincing evidence that the Respondent presents a danger to the community." Doc. 10-1 at 4. IJ Nierva asserted that "Although the Respondent was not charged with a narcotics offense, the Court finds the information contained in the I-213 sufficiently reliable." *Id*. **IJ Nierva then placed the burden on Petitioner to prove a negative: that Petitioner is *not* a danger to the community**. *See id*. "**The Court further notes that the record contains no evidence explaining or contradicting the circumstances described in the I-213. The Respondent offered no mitigating explanation as to why he was found in a motor vehicle along with 45 grams of narcotics**." *Id*. Thus, although IJ Nierva's decision purported to place the burden of proof on DHS, IJ Nierva's decision explicitly placed the burden of proof on Petitioner. *See id*.

IJ Nierva also relied on outdated agency precedent in reaching the conclusion that Petitioner had failed to show he was *not* a danger to the community. *See id*. IJ Nierva cited

3

*Matter of Guerra*, 24 I&N Dec. 37 (BIA 2006), which stands for the proposition that that "**[a]n alien in a custody determination under that section must establish to the satisfaction of the Immigration Judge** and this Board that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight." *Matter of Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006) (citing *Matter of Adeniji*, 22 I&N Dec. 1102 (BIA 1999). IJ Nierva also relied on *Guerra* for the proposition that an immigration judge "may consider any evidence of criminal activity when determining a respondent's custody status, and need not limit its review to criminal convictions only." Doc. 10-1 at 4. Based on these rulings of law, as well as the I-213, IJ Nierva concluded that Petitioner poses a danger to the community and denied bond on that basis. *See id*.

### III.    <u>STANDARD OF REVIEW</u>

The First Circuit has ruled that "due process requires the ***government*** to either (1) prove by clear and convincing evidence that she poses a danger to the community or (2) prove by a preponderance of the evidence that she poses a flight risk." *Hernandez-Lara*, 10 F.4th at 41 (emphasis added). Adjudicatory determinations affecting liberty must rest on "reasonable, substantial, and probative evidence." *Settenda v. Ashcroft*, 377 F.3d 89, 93 (1st Cir. 2004). Where detention is justified only upon clear and convincing evidence, reliance on untested allegations requires an accompanying assessment of reliability and probative value. *See Hernandez-Lara*, 10 F.4th at 41–42. "Mixed questions of law and fact, even when they are primarily factual, fall within the statutory definition of 'questions of law' in § 1252(a)(2)(D) and are therefore reviewable." *Rosa v. Garland*, 114 F.4th 1, 9 (1st Cir. 2024) (quoting *Wilkinson v. Garland*, 601 U.S. 209, 225, 144 S.Ct. 780, 218 L.Ed.2d 140 (2024)). The First Circuit has also ruled that "when exercising its discretion, the agency may not give 'substantial weight' to a police report in

4

the absence of 'a conviction or corroborating evidence of the allegations contained' in the report." *Id*. at 19 (quoting *Matter of Arreguin*, 21 I&N Dec. 38 (BIA 1995)).

Although "the government maintains discretion in each case to grant or deny bond…[t]he [reviewing] Court's task is therefore simply to ascertain whether the immigration court's discretion was exercised in a manner consistent with due process." *Miti v. Moniz*, 827 F. Supp. 3d 206, 215 (D. Mass. 2026).

## IV.    ARGUMENTS

### 1.    THE IMMIGRATION JUDGE IMPROPERLY PLACED THE BURDEN OF PROOF ON PETITIONER IN CONTRAVENTION OF *HERNANDEZ-LARA v. LYONS.*

In this case, IJ Nerva placed the burden of proof on Petitioner to prove he is neither a danger nor a flight risk, despite the First Circuit's ruling that "due process requires the ***government*** to…prove by a preponderance of the evidence that she poses a flight risk." *Hernandez-Lara*, 10 F.4th at 41 (emphasis added). Although IJ Nierva stated that "DHS bears the burden to demonstrate respondent's danger to the community by clear and convincing evidence," IJ Nierva Decision at 2, IJ Nierva proceeded to explicitly place the burden of proof on Petitioner to show that he is *not* a danger or flight risk: "the record contains no evidence explaining or contradicting the circumstances described in the I-213. The **Respondent offered no mitigating explanation** as to why he was found in a motor vehicle along with 45 grams of narcotics." *Id*. at 4 (emphasis added). **IJ Nierva therefore placed the burden of proof on Petitioner to explain or contradict DHS's I-213 and to offer a "mitigating explanation."** *Id*. IJ Nierva's decision therefore contravenes the First Circuit's ruling in *Hernandez-Lara*.

It is also salient that IJ Nierva "failed to meaningfully engage with the petitioner's substantial evidentiary submissions and arguments in support of his request for bond." *Martinez Aguilar v. McDonald*, No. CV 25-13638-LTS, 2026 WL 1623077, at *1 (D. Mass. June 5, 2026). "[A]djudicating whether to detain or release another person is one of the more serious matters resolved by judges. It requires review and consideration of *all* relevant evidence submitted." *Id*. Here, J Nierva stated that he "considered the [Petitioner's] medical condition, family ties, fixed address, asserted past persecution, and letters of support as favorable equities." IJ Nierva Decision at 4. However, IJ Nierva's generalized summary of Petitioner's evidence fails to "indicate that [he] had reviewed or evaluated, [Petitioner's] ample collection of exhibits. *Martinez Aguilar*, 2026 WL 1623077, at *1. Indeed, Petitioner submitted evidence in support of his bond request including, but not limited to, an Asylum Application. *See* Petitioner's Bond Evidence at Exhibit B. Nonetheless, IJ Nierva contended that "has no applications for relief pending before either the Immigration Court or U.S. Citizenship and Immigration Services." IJ Nierva Decision at 4. IJ Nierva's false contention suggests that IJ Nierva "failed to meaningfully engage with the petitioner's substantial evidentiary submissions and arguments in support of his request for bond." *Martinez Aguilar*, 2026 WL 1623077, at *1.

In this case, as in *Martinez Aguilar*, "the record (including the recording of the bond hearing) shows that the IJ rested [his] denial of bond on a single fact from the administrative record," videlicet the Form I-213. *See id*. The record did not contain any police reports or docket sheets that would support IJ Nierva's dangerousness finding. IJ Nierva's failure to meaningfully engage with Petitioner's own evidentiary submission exacerbates IJ Nierva's mistake of law of placing the burden of proof on Petitioner to prove that he was not a danger to the community.

### 2. IJ NIERVA USED THE INCORRECT LEGAL STANDARD IN CONCLUDING THAT PETITIONER POSES A DANGER TO THE COMMUNITY.

Further compounding Respondents' violation of Petitioner's due process rights is the fact that IJ Nierva used the incorrect legal standard in concluding that Petitioner poses a danger to the community. *See* Doc. 10-1 at 4. IJ Nierva cited *Matter of Guerra*, 24 I&N Dec. 37 (BIA 2006), for the proposition that an immigration judge "may consider any evidence of criminal activity when determining a respondent's custody status, and need not limit its review to criminal convictions only." Doc. 10-1 at 4. However, *Matter of Guerra* preceded the First Circuit's decisions in *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021) and *Rosa v. Garland*, 114 F.4th 1, 9 (1st Cir. 2024), which govern immigration judge decisions in the First Circuit notwithstanding agency precedent. *See Loper Bright Enters.* v. *Raimondo*, 603 U.S. 369, 394, 413 (2024) ("courts must exercise independent judgment in determining the meaning of statutory provisions," and they "may not defer to an agency interpretation of the law simply because a statute is ambiguous"); *Matter of Garcia*, 28 I&N Dec. 693 (BIA 2023) ("For choice of law purposes, the controlling circuit law in Immigration Court proceedings is the law governing the geographic location of the Immigration Court where venue lies.").

In *Matter of Guerra*, the case on which IJ Nierva relied to place the burden of proof on Petitioner, the Board of Immigration Appeals ("BIA") ruled that "**[a]n alien in a custody determination under that section must establish to the satisfaction of the Immigration Judge and this Board that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight**." *Matter of Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006) (citing *Matter of Adeniji*, 22 I&N Dec. 1102 (BIA 1999) (emphasis added). Thus, the *Guerra* standard puts the burden of proof on noncitizens to prove that they are

7

*not* a danger to persons or property or national security, and *not* a flight risk. *See id*. *Guerra* therefore stands in contradiction to *Hernandez-Lara*, in which the First Circuit ruled that "due process requires the **government** to either (1) prove by clear and convincing evidence that she poses a danger to the community or (2) prove by a preponderance of the evidence that she poses a flight risk." *Hernandez-Lara*, 10 F.4th at 41 (emphasis added). In this case, IJ Nierva relied on *Guerra* to conclude that Petitioner poses a danger to the community because "the record contains no evidence explaining or contradicting the circumstances described in the I-213" and Petitioner "offered no mitigating explanation as to why he was found in a motor vehicle along with 45 grams of narcotics." Doc. 10-1 at 4. Therefore, IJ Nierva cited BIA precedent—which is at odds with First Circuit precedent—to place the burden of proof on Petitioner.

IJ Nierva's reliance on *Guerra* also conflicts with *Rosa v. Garland*, 114 F.4th 1, 17 (1st Cir. 2024), in which the First Circuit held "that when exercising its discretion, the agency may not give 'substantial weight' to a police report in the absence of 'a conviction or corroborating evidence of the allegations contained' in the report." *Id*. (quoting *Matter of Arreguin*, 21 I. & N. Dec. 38, 42 (BIA 1995)). IJ Nierva cited *Guerra* for the proposition that "may consider any evidence of criminal activity when determining a respondent's custody status, and need not limit its review to criminal convictions only." Doc. 10-1 at 4 (citing *Matter of Guerra*, 24 I&N Dec. 37 (BIA 2006)). This proposition flatly contradicts the First Circuit's ruling in *Rosa* that an IJ may *not* "give substantial weight to a police report in the absence of a conviction or corroborating evidence of the allegations contained in the report." *Rosa v. Garland*, 114 F.4th at 17 (internal quotations omitted). IJ Nierva's decision also contradicts the BIA's decision in *Arreguin*, in which the BIA ruled that an IJ may not "give substantial weight to an arrest report, absent a conviction or corroborating evidence of the allegations contained therein." *Matter of*

*Arreguin*, 21 I. & N. Dec. 38, 42 (BIA 1995). Therefore, IJ Nierva's reliance on *Matter of Guerra* was a mistake of law. The record in the bond proceeding did not contain any conviction records or corroborating evidence of the allegations in the I-213.

In summary, IJ Nierva relied on outdated agency precedent to put the burden of proof on Petitioner to disprove the I-213's allegations. This constitutes a mistake of law that supports ordering Respondents to provide Petitioner with a new bond hearing that complies with *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021), *Rosa v. Garland*, 114 F.4th 1, 9 (1st Cir. 2024), and the Due Process Clause of the Fifth Amendment. *See Gomes v. Hyde*, 804 F. Supp. 3d 265, 278 (D. Mass. 2025) ("The First Circuit routinely orders this remedy in cases where it has concluded that a noncitizen detained under Section 1226(a) was denied bond because the Immigration Court failed to apply the correct legal standards.").

## IV.    CONCLUSION

It is for these reasons that Petitioner, through Undersigned Counsel, respectfully requests that this Court order Respondents to provide Petitioner with a new bond hearing that complies with this Court's July 6, 2026 order, as well as with 8 U.S.C. § 1226(a), *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021), and the Due Process Clause of the Fifth Amendment.

Dated: July 29, 2026                                 Respectfully submitted,


                                                     */s/ Shantanu Chatterjee*
                                                     Shantanu Chatterjee, Esq.
                                                     BBO No. 698677
                                                     New England Immigration Law
                                                     88 Broad Street, Suite 402
                                                     Boston, MA 02110
                                                     (413)-776-4817 (tel.)
                                                     shaan@newenglandimmigrationlaw.com
                                                     *Counsel for Petitioner*

9

## LOCAL RULE 7.1 CERTIFICATION

I, Shantanu Chatterjee, Counsel for Petitioner, hereby certify that the undersigned contacted and conferred with Respondents' counsel on July 29, 2026, and attempted in good faith to resolve or narrow the issue.

Dated: July 29, 2025                                    Respectfully submitted,


                                                       */s/ Shantanu K. Chatterjee*
                                                       Shantanu Chatterjee, Esq.
                                                       New England Immigration Law
                                                       (413)-776-4817 (tel.)
                                                       shaan@newenglandimmigrationlaw.com

## CERTIFICATE OF SERVICE

I, Shantanu Chatterjee, Counsel for Petitioner, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.


Dated: July 29, 2025                                    Respectfully submitted,


                                                       */s/ Shantanu K. Chatterjee*
                                                       Shantanu Chatterjee, Esq.
                                                       New England Immigration Law
                                                       (413)-776-4817 (tel.)
                                                       shaan@newenglandimmigrationlaw.com

10