**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CRISTIAN LANTIGUA-SANTANA,           ) | Case No. 1:26-cv-12951-JEK |
|              ) | |
|          Petitioner,       ) | |

CRISTIAN LANTIGUA-SANTANA,   )

              )     Case No. 1:26-cv-12951-JEK

        Petitioner,     )

              )

v.                    )

              )

ANTONE MONIZ, Superintendent, Plymouth  )
County Correctional Facility,     )
DAVID WESLING, ICE New England   )
Field Office Director,       )
DAVID VENTURELLA, Acting Director U.S.  )
Immigrations and Customs Enforcement,  )
MARKWAYNE MULLIN, U.S. Secretary  )
of Homeland Security,      )
TODD BLANCHE, Acting     )
U.S. Attorney General,      )
DONALD J. TRUMP, President of the United  )
States,             )

              )

        Respondents.    )

              )

## [PROPOSED] ORDER FOR PETITIONER'S EMERGENCY MOTION TO ENFORCE COURT'S JULY 6, 2026 ORDER

Petitioner Cristian Lantigua-Santana ("Petitioner") filed his habeas corpus petition in the instant proceedings. *See* Doc. 1. On July 6, 2026, Respondents conceded that Petitioner is eligible for a bond hearing under 8 U.S.C. § 1226. *See* Doc. 6. Also on July 6, 2026, the Court granted Petitioner's petition and ordered that Respondents "provide [Petitioner] with a bond hearing pursuant to 8 U.S.C. § 1226(a) within 7 days of this Order." Doc. 7.

Respondents subsequently notified the Court that a bond hearing was conducted on July 14, 2026 with the Chelmsford Immigration Court. *See* Doc. 8. However, the Immigration Judge denied Petitioner bond on July 15, 2026. *See* Doc. 10-1. At the hearing, the Immigration Judge placed the burden of proof on Petitioner to demonstrate that he was not a danger to the

community. *See id*. Furthermore, the Immigration Judge applied the incorrect legal standard in assessing dangerousness. *See id*. The Court therefore finds that the July 14, 2026 bond hearing with which Respondents provided Petitioner did not comply with the Due Process Clause of the Fifth Amendment. *See*, *e.g.*, *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021) ("due process requires the *government* to either (1) prove by clear and convincing evidence that she poses a danger to the community or (2) prove by a preponderance of the evidence that she poses a flight risk.").

Accordingly, it is hereby ORDERED that:

1. Immigration Judge Julian Nierva shall provide Petitioner with a bond hearing within seven (7) days after the entry of this Order.

2. The bond hearing shall conform to the procedural requirements set forth in *Hernandez Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021).

3. Within ten (10) days after the entry of this Order, the parties shall file a status report addressing compliance with this Order, including whether a bond hearing was held and, if so, the outcome.

4. ~~Failure to comply with this Order may result in proceedings to consider entry of relief or criminal contempt against Immigration Judge Julian Nierva.~~

5. The government shall transmit a copy of this order on Immigration Judge Julian Nierva personally forthwith. ~~and shall report to the Court when such notice has been transmitted~~.

SO ORDERED.

Dated: August 13, 2026

United States District Judge